UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN MADISON,

                Plaintiff,

v.

SUPERINTENDENT CROWLEY, *et al.*,

                Defendants.

REPORT & RECOMMENDATION

19-CV-6554-FPG-MJP

---

## INTRODUCTION

**Pedersen, M.J.** On May 5, 2023, the undersigned issued an Order to Show Cause to *pro se* plaintiff Kevin Madison ("Plaintiff") directing him to show cause as to why this case should not be dismissed pursuant to Western District of New York Local Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 5.2(d). (ECF No. 57.) For the reasons stated below, the undersigned recommends that the district court enter an Order dismissing this case.

## BACKGROUND

By text order entered on March 29, 2021, the Honorable Frank P. Geraci, Jr. referred this case to the undersigned for all pretrial matters excluding dispositive motions. (Text Order of Referral, Mar. 29, 2021, ECF No. 25.) In correspondence to the Clerk of the Court filed on September 17, 2021, Plaintiff provided an updated residential address in Fishkill, New York. (Not. of Change of Address, Sept. 17, 2021, ECF No. 28.) The undersigned issued an amended scheduling order on October 21, 2022 (ECF No. 52), in response to Defendants' request for an extension of the

dispositive motion deadline because Plaintiff failed to return his transcript with a signed errata page. (Letter from Michele Romance Crain to Judge Pedersen, Dec. 20, 2022, ECF No. 50.) The undersigned mailed a copy of the text order granting the extension request and a copy of the amended scheduling order to Plaintiff at the Fishkill residential address. (Text Order, Dec. 29, 2022, ECF No. 51.) On January 17, 2023, the mail was returned as undeliverable. (ECF No. 54.)

On January 18, 2023, Defendants moved to dismiss the case for lack of prosecution and for an extension of time to file dispositive motions. (ECF No. 55.) While the undersigned denied that part of the motion seeking to dismiss the case (ECF No. 58), the undersigned directed the Clerk of the Court to issue an order to show cause requiring Plaintiff to explain why the case should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failing to provide a current address in violation of Local Rule of Civil Procedure 5.2(d). (Order to Show Cause, Mar. 20, 2023, ECF No. 56.) The Clerk of the Court mailed the order to show cause to the residential address in Fishkill on March 20, 2023. (*Id.*) The order to show cause was returned as undeliverable. (ECF No. 59.)

On May 5, 2023, the undersigned obtained a telephone number for Plaintiff and spoke with him regarding the procedural posture of the case, including the outstanding order to show cause. After the call, the undersigned mailed Plaintiff the following documents at the Wappinger Falls address, which Plaintiff provided to the undersigned:

    1. Defendants' letter asking that the case be dismissed ("55-main.pdf");
    2. Defendants' certificate of Service ("55-main.pdf");

> 3. The Order to Show Cause, dated March 20, 2023, and mailed to you at 2 Locust Court, Apt. F, Fishkill, New York, 12524;
> 4. Email correspondence dated May 5, 2023, between Judge Pedersen and defense Counsel Michele Crain; and
> 5. Order to Show Cause dated May 5, 2023, which is being mailed to you today at 31 Dennis Road, Wappinger Falls, New York, 12590, and for which a response is due on or before **Friday, May 19, 2023.** A copy of this Order to Show Cause was electronically filed on this date (ECF No. 57).

(Letter from Judge Pedersen to Plaintiff, May 5, 2023, on file with the Court.)

The amended order to show cause issued on May 5, 2023, asked Plaintiff—for the third time—to show cause why his case should not be dismissed pursuant to Fed. R. Civ. P. 41(b) and Local Rule of Civil Procedure 5.2(d). (ECF No. 57.) The undersigned mailed the order to show cause to the residential Fishkill address as well as to a residential address in Wappinger Falls, New York—the address listed on Defendants' certificate of service for the motion to dismiss, which Plaintiff had apparently provided to defense counsel and also provided to the undersigned during the May 5, 2023, telephone call. (*Id.*) The order to show cause was not returned as undeliverable. Plaintiff's response to the order to show cause is now almost four months overdue.

## APPLICABLE LAW

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41. This Court's local rule 41 permits the Court to issue an Order to Show Cause:

> If a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute.

3

W.D.N.Y. Loc. R. Civ. P. 41(b) (Jan. 1, 2020). The Second Circuit has held that:

> a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988) (internal quotations and citations omitted).

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

In addition, Local Rule of Civil Procedure 5.2(d) provides:

> (d) Service. A party appearing pro se must furnish the Court with a current address at which papers may be served on the litigant. The Court will assume that the litigant has received papers sent to the address they provide. The Court must have a current address at all times. Thus, a pro se litigant must inform the Court immediately, in writing, of any change of address. ***Failure to do so may result in dismissal of the case, with prejudice***.

(Loc. R. Civ. P. 5.2(d), emphasis added.)

## ANALYSIS

Plaintiff commenced this action on July 24, 2019; thus, the case has been pending for more than six months. Plaintiff failed to respond to the May order to show cause and, importantly, unlike the order to show cause sent to Plaintiff on March 20, 2023, the May order to show cause was not returned as undeliverable.

The Court's May 5, 2023, order to show cause was clear:

> Pursuant to Local Rule of Civil Procedure 5.2(d) of this Court, a party appearing pro se must furnish the Court with a current address at which papers may be served on a litigant. Plaintiff is hereby ORDERED to Show Cause in writing why this case should not be dismissed for failure to provide a current address.

> The deadline to respond to this Order to Show Cause is **Friday, May 19, 2023**. Failure to comply with this order will result in the Court's recommendation that the action be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and Local Rule of Civil Procedure 5.2(d).

(Order to Show Cause, May 5, 2023, ECF No. 57.) Plaintiff has previously demonstrated that he understood the requirements of keeping the court apprised of a current address as he updated his address in September 2021. (Not. of Change of Address, Sept. 17, 2021, ECF No. 28). The only conclusion to draw from Plaintiff's failure to comply with the undersigned's orders is that he is deliberately ignoring them. This is especially true with the May order to show cause as the undersigned personally reached out to Plaintiff to ascertain his address and provided him with the pertinent documents in this case, including a copy of the May order to show cause.

In addition, Defendants will likely be prejudiced by a further delay because this case has been pending since July 24, 2019, it is clear that they have had issues obtaining discovery from Plaintiff, and they already made a motion to dismiss on the same grounds that the undersigned now recommends that the case be dismissed. If the Court does not dismiss this case, Defendants would likely be further prejudiced by incurring the costs of making another motion to dismiss on the same grounds.

Lesser sanctions will have no effect in the face of Plaintiff's willful disobedience. Plaintiff has been on notice of the potential sanction for non-compliance since May, and has not communicated with the Court. This case has been pending for over four years and the undersigned does not even know if discovery is complete. Indeed, in correspondence to the undersigned dated December 20, 2022, defense counsel indicated that she was still awaiting Plaintiff's transcript and errata page

5

and it is unclear if that was ever received. (Letter from Michele Romance Crain to Judge Pedersen, Dec. 20, 2022, ECF No. 50.) Further, the Court will be providing Plaintiff another opportunity to respond to its orders by way of objecting to this Report and Recommendation, and if he fails to do so, the Court will be fully justified in dismissing the case.

## CONCLUSION

For all of the above reasons, the undersigned recommends that the district court enter an Order dismissing this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 5.2(d).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS**[1] to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

---

[1] **NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**: The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Geraci.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED:   September 15, 2023
         Rochester, New York

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge